Tagged Opinion



**ORDERED in the Southern District of Florida on October 30, 2009.**

**Paul G. Hyman, Chief Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | CASE NO.: 09-16860-BKC-PGH |
| DAVID B. COHEN, | CHAPTER 11 |
|     Debtor. | |
| _____/ | |
| DAVID B. COHEN, | ADV. NO.: 09-1430-BKC-PGH-A |
|     Plaintiff, | |
| v. | |
| WILLIAM GLENN ROY, III, *Trustee of the Mid-Michigan Child Care Centers Deferred Compensation Trust*, BARBARA A. ROY, *Individually and as Trustee of the Debolt Family Trust*, ROBERT A. SWART, *Trustee of the Robert A. Swart Living Trust*, and INTERACTIVE BROKERS, LLC | |
|     Defendants. | |
| _____/ | |

**MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** came before the Court on June 19, 2009 upon David B. Cohen's (the "Plaintiff" or the "Debtor") Motion for Summary Judgment (the "Motion") and the Response thereto (the "Response") filed by Defendants William Glenn Roy, III, as Trustee of the Mid-Michigan Child Care Centers Deferred Compensation Trust, Barbara A. Roy, Individually and as Trustee of the Debolt Family Trust, and Robert A. Swart, as Trustee of the Robert A. Swart Living Trust (collectively, the "Defendants").

<u>BACKGROUND</u>

On April 15, 2009, the Debtor, an individual, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On April 21, 2009, acting as a Debtor-in-Possession, the Debtor filed a complaint against the Defendants pursuant to 11 U.S.C. §§ 547 and 550, initiating this adversary proceeding.

Prior to the Debtor's filing this Chapter 11 case, the Defendants commenced an action against the Debtor in the Circuit Court for Lake County, Florida, captioned *William Glenn Roy, III, etc., et. al. v. Mount Dora Development, LLC, etc., et. al.,* case no. 06-CA-1077 (the "State Court Action"). The State Court Action resulted in the state court entering a Default Final Judgment against the Debtor in favor of the Defendants on May 13, 2008 (the "Judgment"). On May 18, 2008, nearly eleven months prior to the Debtor's bankruptcy petition date, the Defendants filed a judgment

lien certificate (the "May 18, 2008 Certificate") with the Florida Secretary of State pursuant to Florida Statute section 55.202, which the Defendants assert created a lien on all of the Debtor's leviable personal property in the State. *See* Fla. Stat. §§ 55.202-.205. On February 13, 2009, in an attempt to collect on the Judgment, the Defendants caused the clerk of the state court to issue a writ of garnishment against Interactive Brokers, LLC ("Interactive"), seeking to garnish and freeze the Debtor's brokerage account held by Interactive (the "Account"). On February 27, 2009, the Defendants served the writ of garnishment on Interactive, which Defendants assert created a lien on the Account in favor of the Defendants. *See* Fla. Stat. § 77.06(1). On April 14, 2009, the state court entered an order directing Interactive to liquidate the Account. Currently, Interactive is holding the proceeds of the Account pending the outcome of this adversary proceeding.

The Debtor now seeks a determination that the writ of garnishment created a lien that is avoidable as a preference under 11 U.S.C. § 547(b). The Defendants argue that their interest in the Account is not avoidable because they filed the May 18, 2008 Certificate more than 90 days before the Debtor filed his Chapter 11 petition.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

*A. The Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "In determining whether a genuine question of material fact exists, the Court must consider all evidence in the light most favorable to the non-movant." *Pilkington v. United Airlines, Inc.*, 921 F. Supp. 740, 744 (M.D. Fla. 1996). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S.*

*Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480
U.S. 932 (1987) (citing *Anderson*, 477 U.S. at 248). "Summary
judgment may be inappropriate even where the parties agree on the
basic facts, but disagree about the inferences that should be drawn
from these facts . . . If reasonable minds might differ on the
inferences arising from undisputed facts, then the court should
deny summary judgment." *Herzog v. Castle Rock Entertainment*, 193
F.3d 1241, 1246 (11th Cir. 1999).

In light of the foregoing discussion on summary judgment, and
for the reasons discussed below, the Court finds that summary
judgment is appropriate.

B.   *Section 547(b) Analysis*

Section 547(b) of the Bankruptcy Code controls avoidance of a
transfer by a trustee or debtor-in-possession.   Section 547(b)
provides in pertinent part:

> the trustee may avoid any transfer of an
> interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt
> owed by the debtor before such transfer was
> made;
> (3) made while the debtor was insolvent;
> (4) made—
>     (A) on or within 90 days before the date
>     of the filing of the petition; or
>     (B) between ninety days and one year
>     before the date of the filing of the
>     petition, if such creditor at the time of
>     such transfer was an insider; and
> (5) that enables such creditor to receive more
> than such creditor would receive if—
>     (A) the case were a case under chapter 7
>     of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of

> such debt to the extent provided by the
> provisions of this title.

11 U.S.C. § 547(b).  With the exception of the fifth element, the Defendants have acknowledged in a Stipulation filed by the parties on July 9, 2009, that their interest in the Account satisfies all of the elements of an avoidable transfer under § 547(b).  Regarding the fifth element, the Defendants argue that they obtained a judgment lien on the Account by filing the May 18, 2008 Certificate.  If the Defendants in fact obtained a judgment lien on the Account by virtue of the May 18, 2008 Certificate, then the lien predates the commencement of the applicable 90 day preference period and is therefore not avoidable under § 547(b).  *See* 11 U.S.C. § 547(b)(4).  Subsequently obtaining a garnishment lien on that same Account, the Defendants argue, will not allow them to receive any more than they would otherwise receive if this were a case under chapter 7.  Whether the Defendants' argument should prevail is controlled by Florida law.  *See Butner v. United States*, 440 U.S. 48, 55 (1978) (property rights of a bankruptcy estate are generally determined by state law).

Florida Statute section 55.202 provides that a "judgment lien may be acquired on a judgment debtor's interest in all personal property in this State subject to execution under Section 56.061, other than fixtures, money, negotiable instruments, and mortgages." Fla. Stat. § 55.202.  Florida Statute section 56.061 provides that "[l]ands and tenements, goods and chattels, equities of redemption

in real and personal property, and stock in corporations" as well as "the interest in personal property in possession of a vendee under a retained title contract or conditional sale contract" are subject to levy and sale under execution. Fla. Stat. § 56.061. Thus, to prevail the Plaintiff must demonstrate that prior to the commencement of the preference period, the Account contained no personal property to which a judgment lien could attach under sections 55.202 and 56.061, or that any such property was not located in Florida. *See* 11 U.S.C. § 547(g) (plaintiff in an avoidance action has burden of proving that a transfer is avoidable under § 547(b)); *Allen*, 121 F.3d at 646 (in summary judgment motion, the Court must consider all evidence in the light most favorable to the non-movant).

After the Defendants filed the May 18, 2008 Certificate and before Interactive liquidated the Account, the value in the Account represented a combination of money, stock, and stock options. The precise combination of property in the Account is irrelevant, because no combination can yield property to which a judgment lien may attach under Florida law. First, section 55.202 specifically states that a judgment lien does not attach to an interest in money. *See* Fla. Stat. § 55.202. Similarly, the Defendants could not have obtained a judgment lien on the Debtor's stock options because a judgment lien does not attach to intangible property. *See* Fla. Stat. §§ 55.202 and 56.061; *United States ex rel. Rahman v. Oncology Assocs.*, 269 B.R. 139, 156 (D. Md. 2001) (a stock

option is a general intangible)*; Peninsula State Bank v. United States,* 211 So. 2d 3, 5 (Fla. 1968) (a judgment lien does not attach to intangible property); *see also In re Neuenschwander*, 73 B.R. 327, 328 (Bankr. S.D. Fla. 1987) (an execution lien under § 56.061 does not attach to a contract right) (citing *Willard v. Petruska*, 402 F.2d 756, 756-57 (5th Cir. 1968)).

The Defendants make two arguments to avoid this conclusion. First, the Defendants argue that the stock options were located in Florida because the Debtor's ability to execute options from his computer in Boca Raton, Florida amounted to constructive possession. However, this argument ignores the fact that under section 55.202 a creditor may only obtain a judgment lien on a debtor's *personal property* located in Florida. Even if the stock options were located in Florida, they would still not be personal property as the statute requires. *See* Fla. Stat. § 55.202; *Rahman*, 269 B.R. at 156*; Peninsula State Bank,* 211 So. 2d at 5; *Neuenschwander*, 73 B.R. at 328.

Second, the Defendants argue that a stock option is "an interest of the Debtor in personal property in possession of a vendee under a retained title contract or conditional sale contract" to which a judgment lien could attach pursuant to Florida Statute § 56.061. Again, this argument is unpersuasive. In a conditional sale contract the parties have consummated a sale, with the vendee taking possession of the property while the vendor holds legal title as security for payment. *See Kraemer v. Gen. Motors*

*Acceptance Corp.*, 572 So. 2d 1363, 1365-66 (Fla. 1990).  By contrast, the purchaser of a stock option does not take possession of any stock, because no sale of stock has occurred.  Rather, a stock option merely provides the holder with a contract right to purchase a specified amount of stock.  *See* Black's Law Dictionary 1459 (8th ed. 2004).  If the holder does not exercise the option, no sale occurs.  Thus, until the holder exercises the option, he merely has a contract right to which a judgment lien cannot attach under Florida law.  *See* §§ 55.202 and 56.061; *Peninsula State Bank,* 211 So. 2d at 5; *Neuenschwander*, 73 B.R. at 328.

On the other hand, section 56.061 provides that stock in a corporation is subject to levy and sale under execution.  Read with section 55.202, section 56.061 indicates that a creditor may obtain a judgment lien on a debtor's stock by filing a judgment lien certificate as long as that stock is located in Florida.  Thus, the Defendants argue that the location of stocks purchased through the Account is a material issue of fact in dispute because Interactive is registered with the State of Florida Office of Financial Regulation, which is evidence that Interactive may have held stock for the Debtor in Florida.  The evidence regarding the location of stock contradicts this assertion.  The fact that Interactive is registered to do business in Florida is not evidence that Interactive possessed any stock located in Florida on behalf of the Debtor.  The Debtor, by contrast, has offered an affidavit in which Interactive's compliance officer states that Interactive maintains

no offices in Florida.  Additionally, the Debtor has stated in an affidavit supporting the Motion that he never received an actual stock certificate as a result of purchasing stock through the Account.  The Defendants have offered no other evidence to contradict the Debtor's assertion that no stock purchased through the Account was located in Florida.

Ultimately, however, the issue of where the Debtor's stock was located is irrelevant.  Even if stock associated with the Account was located in Florida, the Defendants could not have perfected a judgment lien against the Debtor's interest in corporate stock merely by filing a judgment lien certificate.  *See* Fla. Stat. § 678.1121.  Florida Statute section 678.1121 provides in pertinent part that "[t]he interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy," and that "[t]he interest of a debtor in an uncertificated security may be reached by a creditor only by legal process upon the issuer at its chief executive office in the United States[.]"  Fla. Stat. § 678.1121.  Section 678.1121 deals exclusively with stocks in corporations and controls the method by which a creditor may reach a debtor's interest in corporate stock.  *See Hastings v. Furr*, 177 B.R. 723, 725-27 (S.D. Fla. 1995).

In *Hastings*, the District Court construed the precursor to section 678.1121, Florida Statute section 678.317, and found that section 678.317 controlled over section 56.061 because section

678.317 was the more specific of the two. *Id.* at 726. The circumstances in *Hastings* occurred prior to the Florida legislature's enacting section 55.202, creating Florida's current system of obtaining a judgment lien by filing a judgment lien certificate. *See id.* at 723-25. Instead, a creditor could obtain a judgment lien on all of a debtor's personal property in a county by delivering a writ of execution to the sheriff in that county. *See id.* at 726. The creditor in *Hastings* delivered a writ of execution to the Sheriff of Indian River County and instructed the sheriff to levy upon the debtor's shares of stock located in that county. *Id.* at 724. The sheriff was unable to seize the stock and returned the levy unexecuted. *Id.*

In the debtor's subsequent chapter 7 bankruptcy case, the chapter 7 trustee brought an adversary proceeding to avoid the creditor's interest in the stock as an unperfected lien. *Hastings,* 177 B.R. at 724-25. The creditor argued that delivering the writ of execution to the sheriff had created a perfected lien on the debtor's interest in stock located in the county pursuant to section 56.061 and Florida common law. *Id.* at 726. The District Court rejected this argument, finding that because section 678.317 dealt exclusively with stock, that section, rather than section 56.061, controlled the method by which a creditor perfected a lien on stock. *Id.* at 725-26. Because the sheriff had not actually seized the stock, as section 678.317 required, the creditor's lien was unperfected and therefore avoidable in bankruptcy. *Id.* at 727.

Although the method of perfecting a judgment lien has changed in the wake of Florida's adoption of the judgment lien certificate, the effect of section 678.1121 and *Hastings* is unchanged.  Section 678.1121 is substantially the same as the prior section 678.317.[1] Section 678.1121 deals exclusively with a debtor's interest in stock, while section 56.061 deals broadly with a debtor's interest in personal property.  Thus, section 678.1121, rather than 56.061, controls the process of reaching a debtor's interest in corporate stock.  *See Hastings*, 177 B.R. at 725.  Section 678.1121 is unambiguous: a creditor may reach a debtor's interest in a certificated security only by actually seizing the certificate, or by serving process on the issuer of an uncertificated security.  As such, even if the Debtor owned stock located in Florida prior to the commencement of the preference period, the Defendants could not have obtained an interest in that stock by filing a judgment lien certificate.  To the extent that the May 18, 2008 Certificate could have created a judgment lien on the Debtor's interest in stock located in Florida, it would be an unperfected judgment lien subject to avoidance pursuant to 11 U.S.C. § 544(a).  *See Hastings,* 177 B.R. at 725-27*; see also Kapila v. Trafford Distrib. Ctr., Inc.*

---

[1] *Compare* Fla. Stat. § 678.1121 (the "interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security by the officer making the attachment or levy") *with* Fla. Stat. § 678.317 (repealed 1998) ("no attachment or levy upon a certificated security or any share or other interest represented thereby which is outstanding is valid until the security is actually seized by the officer making the attachment or levy").

*(In re Trafford Distrib. Ctr., Inc.)*, 2009 WL 2731038 (Bankr. S.D. Fla. 2009) (an unperfected lien is avoidable and becomes property of the bankruptcy estate under §§ 544(a) and 551).

**CONCLUSION**

In light of the foregoing, the Defendants could not have obtained a perfected judgment lien on money in the Account, stock options in the Account, or corporate stock in the Account by filing a judgment lien certificate. Because there is no disputed issue of material fact concerning the nature or location of property in the Account, entry of summary judgment is appropriate.

**ORDER**

The Court having considered the submissions of the parties and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that:

1) The Plaintiff's Motion is **GRANTED.**

2) The garnishment lien on funds owned by the Debtor and held by Interactive is **AVOIDED.**

3) Interactive is **DIRECTED** to release any proceeds of the Debtor's brokerage account held by Interactive to the Debtor.

4) Pursuant to Federal Rule of Bankruptcy Procedure 9021, a separate final judgment shall be entered by the Court contemporaneously herewith.

### 

Copies Furnished To:

Brian S. Behar
Attorney for Debtor

Nicholas B. Bangos
Attorney for Defendants

Interactive Brokers, LLC

AUST